# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1444 | **DATE** | 6/30/2004 |
| **CASE TITLE** | Neal vs. Watts | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the plaintiff's application to proceed in forma pauperis is denied on the merits. The plaintiff is given until 07/27/04 to pay the required statutory $150.00 filing fee or the case will be dismissed. The plaintiff's motion for appointment of counsel is denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 5 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MW | courtroom deputy's initials | 2004 JUN 30 PM 3:16 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 3 0 2004

| | |
|---|---|
| KEVIN NEAL,<br><br>          Plaintiff,<br><br>v.<br><br>JANICE WATTS, and/or JANE and/or JOHN DOE(S),<br><br>          Defendants. | No. 04 C 1444 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Kevin Neal's ("Neal") motion for leave to proceed *in forma pauperis* and on his motion for appointment of counsel. A review of the Northern District court's docket reveals that Neal is barred from proceeding *in forma pauperis* in this instance. Pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.§ 1915(g). Neal is an inmate at a state correctional institution and he has

brought the instant action pursuant to 42 U.S.C. § 1983. Neal alleges that the correctional institutional continually fails to properly forward his legal mail to the clerk of court. Neal is not claiming that he is in imminent danger of serious physical injury. As Neal concedes in his complaint, at least three of his previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Neal v. Fairman*, Case No. 91 C 5258 (N.D. Ill.)(dismissed pursuant to 28 U.S.C. § 1915(d) by Minute Order of January 21, 1992)(Alesia, J.); *Neal v. Regan*, Case No. 95 C 2036 (N.D. Ill.) (dismissed pursuant to 28 U.S.C. § 1915(d) by Minute Order of October 24, 1995)(Alesia, J.), appeal dismissed May 31, 1996 (7th Cir.); and *Neal v. Moore*, Case No. 95 C 4780 (N.D. Ill.)(dismissed pursuant to 28 U.S.C. § 1915(d) by Minute Order of September 14, 1995)(Norgle, J.). All of the above actions were dismissed prior to the enactment of the PLRA in 1996. However, pre-PLRA dismissals should be counted toward the statute's "cap" on previous dismissals. *See Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)(indicating that such an "[a]pplication of the new Act is not impermissibly retroactive...because the statute does not change any of the legal consequences of deeds preceding its enactment"); *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997)(stating that "in light of the purposes of (Section 1915(g)), its reference to "prior occasions" also must encompass dismissals that preceded the effective date of the act."); *Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996)(noting that application of Section 1915(g) does not raise any

retroactivity concerns because it only governs procedural issues and not substantive rights, as proceeding *in forma pauperis* is not an absolute right); *Green v. Nottingham*, 90 F.3d 415, 418-20 (10th Cir. 1996)(indicating the same).

Accordingly, 28 U.S.C. § 1915(g) bars Neal from proceeding without the full prepayment of the statutory $150 filing fee. *See also* N.D. Ill. Local Rule 3.3(e). For the foregoing reasons, this court denies the motion for leave to proceed *in forma pauperis*. If Neal fails to pay the $150 filing fee by July 27, 2004, the court will dismiss this action.

A civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). The Seventh Circuit provides the following non-exclusive list of five factors to consider when deciding whether to appoint counsel: "(1) the merits of the indigent's claim; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint." *Jackson v. County of McClean*, 953 F.2d 1071, 1072 (7th Cir. 1992)(citing *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)); *see also Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)(stating that the appointment of counsel standard can be distilled to whether there are "'exceptional circumstances' as

determined by 'an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'")(quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)).

Notwithstanding the five factors listed in *Jackson*, a threshold issue for the court is whether the plaintiff has made a reasonable effort to retain counsel and "was unsuccessful or . . . was effectively precluded from making such efforts." *Jackson*, 953 F.2d at 1073.

Neal failed to answer paragraph 2 of his application for an appointment of counsel which explicitly asks him to list his attempts to secure counsel. We also note that even if he properly filled out paragraph 2, this case does not involve the type of complexity that would warrant an appointment for him and his claim does not appear to be meritorious. In addition, Neal has not shown that he will be unable to investigate the crucial facts without the aid of counsel. Therefore, an appointment of counsel is not appropriate at this juncture and we deny the motion for appointment of counsel without prejudice.

*Samuel Der-Yeghiayan*
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 30, 2004

4